The opinion of the court was delivered by
Watkins, J.
The indictment charges that the accused “ did wilfully and feloniously, by force and violence, rob from the person of Ered. Sims a watch worth $16,” etc.
Having been tried and convicted, his counsel filed a motion in arrest of judgment, on the ground that the indictment was defective and insufficient to support a conviction, because ‘ ‘ it does not charge him with robbing the said Sims of the watch and chain against his will."
The District Judge disallowed the motion, because he regarded as sufficient the averment of the indictment that the watch and chain were taken from the prosecutor “by force and violence." He says that while it is true that ‘ ‘ an indictment (for robbing) must state upon its face that the goods were taken against the will of the party assaulted, (yet) it seems (that) it may be good without the use of those specific words, if the words used convey the same meaning.”
It is well settled that an indictment for robbery must set out, in substance, all the elements of that crime as a common law offence.
Such an indictment should state the crime as having been committed feloniously, violently and against the will, or by putting the person in fear.
An essential element of larceny is stealth, and that of robbery is force. The latter may be physically ’applied to the person robbed, or goods may be extorted from Mm by the employment of intimidation or putting him in fear. But manifestly either physical violence or intimidation implies a restraint of volition, nothing else; and the *936 addition of the phrase “ against his will” would have 'been an unnecessary tautology instead of a requisite element of description.
The use of force, or putting in fear, are terms to be employed in alternative only. The indictment must allege either force or putting in fear. 2 Bishop, Orim. PL, Sec. 1005.
We do not understand that a contrary doctrine is announced in State vs. Durbin, 20 An. 408, or in State vs. Cook, 20 An. 145. In the former it was said that “ in an indictment for robbery from the person, the words feloniously, violently and against the will are essential; and it is usual, though it seems to be unnecessary, to allege a putting in fear.” The words “violently and against the will” are not more expressive than are the words “by force and violence.”
In the latter case it was said that at common law the crime of robbery “ consists in the felonious and forcible taking from the person of another, or in his presence, against his will, of any chattel, money or valuable security, to any value, by violence or putting him in fear.”
That is, doubtless, a correct definition of the crime of robbery, but the opinion in that case does not state that this identical phraseology is essential to the validity of an indictment. On the contrary, it is apparent that the felonious and forcible taking of goods or property of another against his will is to be accomplished “ by violence or putting him in fear.” So that an averment in an indictment that the goods were taken by force and violence necessarily implies that they were taken against his will.
Our conclusion, therefó're, is that the indictment is not defective or insufficient.
Judgment affirmed.